IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
12/09/2009

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ROSALBA M. ELVIRA and | ) | CASE NO. 05-81841-G3-13 |
| FRANCISCO T. ELVIRA, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Motion for a Hardship Discharge Under Section 1328(b)" (Docket No. 49) filed by the Debtors in the above captioned case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Rosalba M. Elvira and Francisco T. Elvira ("Debtors") filed a voluntary joint petition under Chapter 13 of the Bankruptcy Code on June 30, 2005. William E. Heitkamp is the Chapter 13 Trustee.

Although Debtors were married on the date of filing of the petition, Debtors' Schedule I, filed on July 15, 2005, indicates that they were separated. (Docket No. 7, at p. 17).

In Debtors' Schedule A, they listed two parcels of real property: a home in Houston, Texas, valued by Debtors in Schedule A at $126,318, and an undeveloped tract in Tomball, Texas, valued by Debtors in Schedule A at $13,068. (Docket No. 7, at p. 2). Debtors claimed as exempt the Houston, Texas property.

Debtors' fourth amended plan was confirmed, by order entered May 18, 2006 (Docket No. 35). The plan provided that Debtors would pay $400 per month, for 60 months, to the Chapter 13 Trustee, plus an additional payment of $133,010 as a "Special Payment obtained by either selling or obtaining loans on real properties." The plan provided for distribution of $69,919.78 to the Internal Revenue Service on account of a secured tax claim, $36,872.09 on three secured ad valorem real property tax claims, $3,000 to Debtors' attorney, and $1,393.70 to the Internal Revenue Service on account of a priority tax claim, leaving $30,123.43 for unsecured claims. The plan provided for payment of estimated unsecured claims in full. (Docket No. 26).

On July 29, 2009, the Chapter 13 Trustee moved to dismiss the instant case, on grounds Debtors had failed to make two of the $400 payments called for under the plan. (Docket No. 45). On August 24, 2009, Debtors responded to Trustee's motion, admitting that they were behind in payments, but requesting that the court "excuse this delinquency and decline to dismiss the

case."  (Docket No. 47).[1]

In the instant motion, both Debtors seek a hardship discharge.  They assert that modification is impracticable, because even if they were able to make the remaining ten $400 payments under the plan, they are unable to make the $133,000 balloon payment "given their incomes and the conditions of the real estate and credit markets."  (Docket No. 49).

At the hearing on the instant motion, counsel for Debtors stated that Debtors are now divorced.

At the hearing on the instant motion, Francisco Elvira testified that the home in Houston, Texas now is the property of Rosalba Elvira.  He testified that he had been making the Chapter 13 plan payments.  He testified that he works in construction, and became injured.  He testified that, since his injury, he has not found work.  He had no evident disabilities.  No evidence was presented as to the nature and extent of his injury.  He testified that he would like to retain the Tomball, Texas property, and receive a discharge.

Rosalba Elvira testified that she has no income, and no ability to earn income.  She testified that she believed, at the time the plan was proposed that she would be able to get a job.

---

[1] At the September 18, 2009 hearing on the Trustee's motion to dismiss, the Trustee announced an agreement with Debtors' counsel under which the Trustee would submit a proposed form of order dismissing the case unless Debtors filed a motion to modify the plan or filed a motion seeking a hardship discharge.

She testified that she believes the Houston, Texas property is worth approximately $103,000, and that the property is encumbered by a property tax lien in the approximate amount of $16,000.

### Conclusions of Law

Section 1328(b) provides:

> At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if–
>
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
>
> (3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b).

The burden of proof with respect to the instant motion is on the Debtors. See In re Roberts, 279 F.3d 91 (1st Cir. 2002); In re Spencer, 301 B.R. 730 (8th Cir. BAP 2003).

Although Debtors' testimony focused on their present inability to find employment, they did not address in any respect the fact that their plan was premised on the sale or refinancing of the homestead. The fragile nature of the plan was apparent when the plan was filed, and Debtors' inability to complete the

plan does not appear to be the result of a change of circumstances during the pendency of this case.  The court also notes that, while counsel has announced that the Debtors are divorced, Debtors presented no evidence as to the divorce itself, or as to the division of property and debt between the debtors incident to the purported divorce.  Moreover, Debtors presented no evidence supporting any argument for retention of the Tomball, Texas property.  As to whether modification is practicable, Debtors presented no evidence as to the existing claims, the extent to which secured and priority claims have been paid while this case has been pending, and the likely result if the case had initially proceeded under Chapter 7 of the Bankruptcy Code.  The court concludes that Debtors have failed to meet their burden of proof with respect to the instant motion.

      Based on the foregoing, a separate Judgment will be entered denying the "Motion for a Hardship Discharge Under Section 1328(b)" (Docket No. 49) filed by the Debtors, without prejudice.

      Signed at Houston, Texas on December 9, 2009.

                                              _____
                                              LETITIA Z. PAUL
                                              UNITED STATES BANKRUPTCY JUDGE